## A. L. CONFER v. NEW YORK ETC. R. CO.

APPEAL BY DEFENDANT FROM THE COURT OF COMMON PLEAS
OF VENANGO COUNTY.

Argued October 9, 1891—Decided January 4, 1892.

(*a*) Sparks from defendant's locomotive set fire to a car that had been used for carrying tar and left on a switch by defendant. The fire was thence communicated to an oil tank, thirty-six feet distant, a part of the plaintiff's oil refinery, whereby almost the entire plant was destroyed.

1. In an action for negligence, the court could not have ruled as matter of law that the plaintiff was guilty of contributory negligence in erecting his oil tank where he did. Under the evidence, the questions of negligence, and of proximate and remote cause, were properly submitted to the jury.

Before PAXSON, C. J., STERRETT, CLARK, WILLIAMS, MC-COLLUM and MITCHELL, JJ.

No. 133 October Term 1891, Sup. Ct.; court below, No. 8 January Term 1890, C. P.

On December 4, 1889, A. L. Confer brought trespass against the New York, Lake Erie & Western Railroad Company. Issue.

At the trial, on November 11, 1890, it was shown that the plaintiff owned and operated an oil refinery at Reno, a village on the Allegheny river, west of Oil City. The tracks of the defendant company separated the refinery plant into two portions. The plaintiff's stills, pump-house, engines, etc., were between the tracks and the river. A number of oil tanks were on the opposite side of the tracks. One of these, tank No. 4, a wooden one-thousand-barrel tank, containing seven hundred barrels of Clarendon distillate, was situated a distance of thirty-six feet from the centre line of defendant's switch track. Other tanks and appliances were near it.

On July 24, 1890, about 10.30 A. M., defendant's locomotive 194, with train attached, came down from Oil City. While some shifting was doing at Reno station, an empty iron-tank car that had been used in carrying tar, was left standing on the switch directly opposite plaintiff's tank No. 4. When the shifting was completed, the train pulled past the tank with full load and on an ascending grade. Shortly after, the tank

Charge of Court below.

car was discovered to be on fire ; the tar on the outside of the car was burning and dripping to the ground. The fire was carried by the wind to tank No. 4, and thence spread abroad until almost the entire refinery was destroyed.

The plaintiff introduced testimony tending to show that the defendant's locomotive was supplied with a defective spark-arrester, and that as it passed the refinery sparks were seen flying from the smoke stack. The defendant's testimony, on this subject, was that the spark-arrester on the locomotive was such as was approved and in general use on railroad locomotives ; that it had been examined the evening before and was in good condition, and that on that day there was nothing wrong with it, and the train was properly managed.

The court, TAYLOR, P. J., answered certain points for instruction as follows :

The defendant requests the court to charge :

3. The plaintiff, by erecting his tanks, buildings and platforms close to the said railroad, was guilty of such contributory negligence as would prevent his recovery for any injury sustained by reason of sparks from the locomotive on said railroad.

Answer : We submit this question to the jury.[1]

5. That, as all the evidence shows that the fire originated in or on a car used for carrying tar owned by the Mutual Oil Co., which was then standing on a switch operated by the defendant company, and from thence was in some way carried to the tanks and buildings of the plaintiff, the injury was too remote to make the defendant liable for any damages that the plaintiff may have sustained.

Answer : We submit this question to the jury, whether it was the remote or proximate cause, under our instructions to the jury as to what constitutes that.[2]

8. Under all the evidence, the jury must find for the defendant.

Answer : We submit this to the jury.[3]

—The jury returned a verdict for the plaintiff for $25,081.36. A rule for a new trial having been discharged and judgment entered, the defendant took this appeal, assigning for error inter alia :

1–3. The answers to the defendant's points.[1 to 3]

Opinion of the Court.

*Mr. John O. McCalmont* (with him *Mr. S. P. McCalmont* and *Mr. Bryan H. Osborn*), for the appellant.

Counsel cited : (1) Post v. Railroad Co., 108 Pa. 585 ; Catawissa R. Co. v. Armstrong, 52 Pa. 282; Goshorn v. Smith, 92 Pa. 435 ; Delaware R. Co. v. Cadow, 120 Pa. 559; Pittsburgh R. Co. v. McClurg, 56 Pa. 294; Baker v. Fehr, 97 Pa. 70; Koons v. Telegraph Co., 102 Pa. 164; Erie City v. Magill, 101 Pa. 616 ; Barnes v. Sowden, 119 Pa. 53. (2) Penna R. Co. v. Kerr, 62 Pa. 353 ; Hoag v. Railroad Co., 85 Pa. 293 ; Railroad Co. v. Yeiser, 8 Pa. 366; Jennings v. Railroad Co., 93 Pa. 337; Reading & C. R. Co. v. Latshaw, 93 Pa. 449; Phil. etc. R. Co. v. Schultz, 93 Pa. 341.

*Mr. J. H. Osmer*, for the appellee.

Counsel cited : Frankford Turnp. Co. v. Railroad Co., 54 Pa. 345 ; Lehigh V. R. Co. v. McKeen, 90 Pa. 122 ; Albert v. Railway Co., 98 Pa. 316; Haverly v. Railroad Co., 135 Pa. 50 ; Phila. etc. R. Co. v. Hendrickson, 80 Pa. 182.

PER CURIAM:

While this is perhaps a close case upon its facts, we are of opinion that the judgment must be affirmed. It could not have been withdrawn from the jury, nor are we able to see any error in the manner of its submission. The learned judge could not have ruled, as a question of law, that the plaintiff was guilty of contributory negligence in erecting his oil tank where he did. The sparks from the locomotive were not likely to set fire to the oil in the tank, nor did they do so in this case. The accident would not probably have occurred, had not the defendant company permitted a car, used for carrying tar, to stand on the track opposite to and near plaintiff's oil tank. This car caught fire from the sparks of the engine, and was wholly or partly consumed. It was the fire from this car which ignited the oil, and caused the destruction of plaintiff's works. The accident could have been avoided by running the car a short distance away after it had taken fire. This was eminently a jury case.

Judgment affirmed.

On February 8, 1892, a motion for a re-argument was refused.